■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY MALSEGNA, Appellant.—Judgment insofar as it imposes sentence unanimously modified as a matter of discretion in the interest of justice, and, as modified, affirmed and defendant remanded to Supreme Court, Monroe County for further proceedings in accordance with the following memorandum: Appellant is a former investigator in the Criminal Investigation Division of the Monroe County Sheriff's Department. On July 28, 1977 he testified falsely before the Grand Jury investigating an extortionist in the Rochester area named Leo Arena, by stating for some unexplained reason that he made certain observations of Arena on July 11, 1977 when in fact he had not. (Arena was later indicted on other evidence of extortion and subsequently convicted.) On January 31, 1978 the Grand Jury indicted appellant for perjury, first degree. He resigned from the Sheriff's department and on February 2, 1978 he pleaded guilty to the indictment relying upon the written agreement of the District Attorney that he would recommend to the sentencing Justice that appellant receive a sentence of five years' probation in exchange for his plea of guilty and his continuing co-operation with the District Attorney and the United States Attorney in certain pending criminal investigations. The agreement was spread upon the record and a representative of the United States Attorney joined in it. The court, while stating that it made no promises, advised the defendant that he would give "every serious consideration" to the prosecutor's recommendation. Sentencing took place May 9, 1978. Before sentence was imposed the District Attorney and the United States Attorney advised the court of their satisfaction with the defendant's co-operation since the February plea and once more urged a sentence of probation. The court sentenced the

defendant to an indeterminate term of imprisonment having a maximum of three years. At the time of the crime, defendant was 46 years old, married and the father of three children. He had been employed by the Sheriff's department over 14 years and had no prior criminal record. During his police work he had received nine letters of commendation from various police agencies, including the Organized Crime Section of the United States Department of Justice, for his service in connection with the solution of major crimes. While we are cognizant of the seriousness of the crime of which appellant stands convicted and the important considerations which influenced the Trial Justice, we are of the opinion that the ends of justice and the best interests of society are fully satisfied by a sentence of probation. The judgment is modified to five years' probation and the matter is remitted to the Trial Justice to set the terms and conditions of such probation. (Appeal from judgment of Monroe Supreme Court—perjury, first degree.) Present—Marsh, P. J., Cardamone, Simons, Dillon and Schnepp, JJ.